# Birmingham Railway & Electric Company *v.* Baker.

*Action for Damages for Personal Injuries at Street Crossing.*

[Decided Jan. 15th, 1902.]

1. *Negligence at street crossing; sufficiency of averment of.*—A count in a complaint against a street railway company is sufficiently definite and certain in its averments of negligence, which, after giving the date and place of the injuries (at a certain street crossing where defendant's street railway crossed a city street) shows a collision between defendant's street car and the hose cart on which plaintiff was riding in the discharge of his duties, resulting in injuries to plaintiff, and concludes with the averment, "That said car collided with said vehicle, and plaintiff suffered said wounds and injuries as a proximate consequence of the negligence of defendant, through its employe or employes in the management or control of said car."

2. *Wantonness or intentional injury; sufficiency of averment of.*—A count claiming damages by reason of a collision at a street crossing between the hose cart on which plaintiff was riding, and defendant's street car, sufficiently charges a wanton or intentional injury, which (after showing the date, place and fact of the collision, and the nature of plaintiff's injuries,) concludes: "Plaintiff further avers that defendant recklessly and wantonly or intentionally caused said injuries

[Birmingham Railway & Electric Company v. Baker.]

and damage to plaintiff, in that. defendant through its servants or agents recklessly and wantonly or intentionally caused said collision."

3. *Contributory negligence; when imputed to plaintiff; driver of vehicle.*—The contributory negligence of a driver of a vehicle is not imputable to a passenger therein when the passenger is free from personal negligence, and has no control over the driver and no voice in his selection.

4. *Same.*—The contributory negligence of a driver of a hose cart, in which plaintiff (a member of a fire department) was riding to a fire, is not imputable to plaintiff, where plaintiff had nothing to do with controlling the horses or driving the cart or handling the lines and was not sitting on the same seat with the driver, at the time of the injuries, although plaintiff was assistant driver of the cart and drove when the regular driver was absent.

5. *Same; persons engaged in joint enterprise.*—Where several persons are engaged in a joint enterprise, so that each is mutually responsible for the acts of the other, and no one has the exclusive control of the vehicle in which they are traveling, the negligence of the driver is imputed to those riding with him.

6. *Wantonness; what constitutes.*—To constitute wantonness, so as to overcome the defense of contributory negligence, it is not essential that defendant's employes should have an intent to injure: it is enough if they exhibit such wantonness and recklessness as to probable consequences, as implies a willingness to inflict injury, or an indifference as to whether injury is inflicted.

7. *Wantonness; when a question for the jury.*—Where plaintiff was injured by a collision between a street car and the hose cart on which he was riding, at a street crossing in a city, and the street car had stopped shortly before reaching the crossing, and there was evidence tending to show that the motorman saw and heard the hose cart approaching when he put his car in motion; that he gave no warning that he was going to start, and did nothing to stop it after it was started; and that when the car started the hose cart was 18 or 20 feet from the crossing and was going at a speed of 25 miles an hour to a fire,—the question of the motorman's wantonness was for the jury.

8. *Contributory negligence in standing in moving vehicle.*—It is not contributory negligence, as matter of law, for a fireman, riding to a fire in a hose cart, to stand while putting on his coat and while the cart is going at a speed of 25 miles

[Birmingham Railway & Electric Company v. Baker.]

an hour: there being evidence tending to show that firemen, in order to be in readiness at the fire and to avoid getting wet and to save time, put on their coats on the way to the fire, not having time to do so before starting.

APPEAL from Jefferson Circuit Court.

Tried before Hon. A. A. COLEMAN.

This action was brought by the appellee against the appellant to recover damages for personal injuries sustained by reason of a collision between an electric car owned and operated by the defendant and a hose cart of the fire department, upon which car plaintiff was riding at the time of the accident.

The complaint contained two counts, which were in words and figures as follows: "Plaintiff claims of defendant ten thousand dollars as damages for that heretofore, to-wit, on January 10th, 1898, plaintiff was upon one of the public streets of the city of Birmingham, within the corporate limits of said city, to-wit, upon First avenue, and at its intersection with Twentieth street, and was upon a vehicle being used by the fire department of said city, to-wit, a hose wagon, plaintiff being at said time engaged in or about the business of said fire department, to-wit, attending an alarm of fire; that at said time and place a car being operated by defendant over and along said Twentieth street, and across said First avenue, by means of electricity, collided with said vehicle and as a proximate consequence thereof, plaintiff's shoulder blade was broken, his shoulder dislocated, his knee injured and various parts of his body were cut, bruised and otherwise injured, and plaintiff suffered great mental and physical pain, and was crippled and disfigured, and was rendered unable for a long time to work and earn money, and was rendered permanently less able to work and earn money, and plaintiff was rendered unfit to pursue his accustomed avocation, and was put to great inconvenience and trouble and expense for medicine, medical attention, care and nursing in his efforts to heal and cure his said wounds and injuries. Plaintiff alleges that said car collided with said vehicle, and plaintiff suffered said wounds and injuries as a proximate consequence of the

negligence of defendant, through its employe or employes in the management or control of said car."

"2d count. Plaintiff refers to, and adopts as a part of this count all the words and figures of the first count from the beginning thereof to and including the words, 'heal and cure his said wounds and injuries,' where they first occur together in said count, and plaintiff further avers that defendant recklessly and wantonly or intentionally caused said injuries and damage to plaintiff, in that defendant through its servants or agents recklessly and wantonly or intentionally caused said collision. All to plaintiff's damage, ten thousand dollars, wherefore he sues."

To the first count the defendant demurred upon the following grounds: "1. For that the allegations of negligence therein are vague, indefinite and uncertain. 2. For that it is not alleged in what manner the defendant was negligent. 3. For that it is not alleged that the injuries were inflicted by the negligence of the defendant."

To the second count the defendant demurred upon the following grounds: "1. For that the same fails to show any facts constituting recklessness, wantonness, or intentional misconduct. 2. For that the same fails to allege that the injuries to plaintiff were recklessly, wantonly or intentionally inflicted." These demurrers were overruled. Thereupon the defendant filed several pleas of the general issue, and the following special pleas "4. The defendant for further answer to the said complaint says that the plaintiff at the time he received his alleged injuries was riding in a vehicle that was being driven by another person, and the defendant says that plaintiff's injuries were caused by the negligence of the driver of such vehicle."

"5. The defendant for further answer to the said complaint says that the plaintiff at the time he received his alleged injuries was riding in a vehicle that was being driven by another person, and the defendant says that the driver of such vehicle was guilty of negligence in this, that he negligently drove said vehicle into and against the defendant's car and such

negligence of the driver of said vehicle approximately contributed to and helped to cause the injuries alleged to have been received by the plaintiff."

"6.　The defendant for further answer to the first count of the complaint says that the plaintiff at the time he received his alleged injuries was riding in a vehicle that was being driven by another person, who at the time was engaged in a common enterprise, and the defendant says that plaintiff's alleged injuries were caused by the driver of said vehicle."

"7.　The defendant for further answer to the first count of the complaint says that the plaintiff at the time he received his alleged injuries was riding in a vehicle that was being driven by another person, and the defendant says that the driver of such vehicle was guilty of negligence in this, that he negligently drove said vehicle in and against the defendant's car, and such negligence of the driver of said vehicle proximately contributed and helped to cause the injuries alleged to have been received by the plaintiff."

"8.　The defendant for further answer to the first count of the complaint says that the plaintiff was himself guilty of negligence which proximately contributed to his alleged injuries, and such contributory negligence consisted in the negligent manner in which the vehicle in which the plaintiff was at the time riding, was driven into and against the defendant's car."

"9.　The defendant for further answer to the first count of the complaint says that the plaintiff was himself guilty of negligence which proximately contributed to his alleged injuries, and such contributory negligence consisted in his negligently remaining on the vehicle, in or on which he was at the time riding."

"10. For further answer to the first count of the complaint the defendant says that the plaintiff was himself guilty of negligence, which proximately contributed to his alleged injuries, and such contributory negligence consisted in this, that he was assistant driver on said hose cart, and it was his duty while riding upon said hose cart or wagon to look out for and discover obstructions in the way of the progress of said wagon,

and to call the driver's attention thereto; and the defendant avers that the plaintiff negligently failed to look out for the defendant's said car, which was an obstruction in the way of the progress of said wagon, and negligently failed to call the attention of the driver of said wagon to such obstruction."

"11. For a further answer to the first count of the complaint the defendant avers that the plaintiff was the assistant driver at the time on said hose cart, or wagon, and, as such, it was his duty to ride upon the wagon and look out for obstructions in the way of its progress, and to call the driver's attention to such obstructions. And the defendant further avers that the driver of said wagon and plaintiff were at the time engaged in the joint enterprise of going to a fire in response to a fire call, the one as driver, as aforesaid, and the other as assistant driver, and with duties as aforesaid; and the defendant avers that the driver of said wagon was guilty of negligence in this, that he negligently drove said wagon into and against the defendant's car, and such negligence of the driver of said wagon proximately contributed to the injuries alleged to have been received by the plaintiff."

Plaintiff demurred to the 4th, 5th, 6th, 7th and 11th pleas upon the following grounds: "(1.) Said plea fails to aver or show that plaintiff was responsible for the negligence of the driver, or that such alleged negligence was in any way attributable to the plaintiff. (2.) Said plea fails to aver or show that the negligence of the driver was the sole cause of plaintiff's injuries. (3.) The alleged negligence of the driver of said vehicle is not alleged or shown to be the negligence of plaintiff either in person or by or through any servant or agent of plaintiff. * * * (5.) The second count of the complaint claims for wanton or intentional wrong." There were other grounds of demurrer, not material to notice. These demurrers were sustained, and the cause was tried upon issue joined on the other pleas.

The opinion states the facts sufficiently for an understanding of the points decided.

[Birmingham Railway & Electric Company v. Baker.]

Upon the introduction of all the evidence,, the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "I charge you that you cannot award punitive damages in this case." (2.) "If you believe from the evidence that just before and at the time of the collision between the wagon and the car, the wagon was being drawn by two horses that were running as fast as they could run, that at such time the plaintiff was standing on his feet on the wagon, putting on his coat, that it is negligence for one while riding upon a wagon being drawn at such speed to stand on his feet on such a rapidly running wagon, and put on his coat, that such negligence of plaintiff proximately contributed to his injuries or to his falling off of the wagon, your verdict must be for the defendant." (3.) "I charge you, gentlemen of the jury, that it is negligence for one while riding upon a wagon, running twenty-five miles an hour, to stand upon his feet, and while so standing be in the act of putting on his coat." (4.) "If you believe the evidence, you can not find that the motorman, Curtis, intentionally injured the plaintiff." (5.) "If you believe the evidence, you can not find that the motorman, Curtis, wantonly injured the plaintiff." (6.) "If you believe the evidence you must find for the defendant." (.7) "If you believe the evidence, you can not find for the plaintiff under the first count of the complaint." (8.) "If you believe the evidence you can not find for the plaintiff under the second count of the complaint." (9.) "If you believe from the evidence that just before and at the time of the collision between the wagon and the car the plaintiff was standing on his feet on the wagon putting on his coat, you must find for the defendant." (10.) "If you believe from the evidence that just before and at the time of the collision between the wagon and the car, the plaintiff was standing on his feet putting on his coat, you can not find for the plaintiff on the first count of the complaint."

There were verdict and judgment for the plaintiff, assessing his damages at $1,175. Defendant appeals.

33s

[Birmingham Railway & Electric Company v. Baker.]

WALKER, TILLMAN, CAMPBELL & PORTER, for appellant.—(1.) Appellant was entitled to the general affirmative charge on the count charging wantonness.—92 Ala. 272; 97 Ala. 308; 91 Ala. 560; 95 Ala. 412; 103 Ala. 160; *Bower's Case*, 110 Ala. 328. (2.) The plaintiff was guilty of contributory negligence in putting on his coat while the cart was being driven so rapidly.—*A. M. R. Co. v. Jones*, 114 Ala. 530; 37 L. R. A. 529. (3.) The negligence of the driver was imputable to plaintiff, they being engaged in a joint enterprise and plaintiff being assistant driver.—*El.,ton Land Co. v. Mingea*, 89 Ala. 521; *Beck v. E. R. Ferry Co.*, 6 Rob. 82; *Robinson v. N. Y. Central R. R. Co.*, 23 Am. Rep. 1, 3; *Nesbett v. Town*, 9 Am. St. Rep. 483.

BOWMAN & HARSH, *contra*.—(1.) The first count sufficiently charged negligence.—*So. Ry. Co. v. Guyton*, 122 Ala. 231; *L. & N. R. R. Co. v. Marbury Lumber Co.*, 28 So. Rep. 438; *A. G. S. R. R. Co. v. Davis*, 119 Ala. 572; *Laughran v. Brewer*, 113 Ala. 514; *L. & N. R. R. Co. v. Jones*, 83 Ala. 376. (2.) The second count sufficiently charged wantonness.—*G. P. R. R. Co. v. Ross*, 100 Ala. 490; *A. G. S. R. R. Co. v. Burgess*, 114 Ala. 587; *L. & N. R. R. Co. v. Anchors*, 114 Ala. 493; *L. & N. R. R. Co. v. Orr*, 121 Ala. 489. (3.) The negligence of the driver was not imputable to plaintiff. *Elyton Land Co. v. Mingea*, 89 Ala. 525; *Bailey v. Jourdan*, 18 App. Div. (N. Y.) 387; *Cin. St. R. R. Co. v. Wright*, 48 N. E. Rep. 688; *Anderson v. Met. St. R. R. Co.*, 61 N. Y. 899. (4.) Defendant was not entitled to the general affirmative charge.—*B. R. & E. Co. v. James*, 25 So. Rep. 847; *Coots v. City of Detroit*, 75 Mich. 628; *City, etc., v. McDonald*, 6 Am. Neg. Rep. 68; *West C. St. R. R. Co. v. Johnson*, 6 Am. Neg. Rep. 251.

HARALSON, J.—1. Counts one and two of the complaint, the one in its averments of simple negligence, and the other of wanton, willful and intentional injury, have too often been held sufficient to admit of further

consideration.—*Highland Ave. & B. R. R. Co. v. Robinson.* 28 So. Rep. 28; *L. & N. R. R. Co. v. Brown,* 121 Ala. 221; *L. & N. R. R. Co. v. Orr,* 121 Ala. 489; *Ala. Gr. S. R. R. Co. v. Burgess,* 119 Ala. 587; *Armstrong v. Montgomery St. R. Co.,* 123 Ala. 233; *So. R'y Co. v. Guyton,* 122 Ala. 231.

2. Demurrers were interposed to pleas 4, 5, 6, 7 and 11 and sustained. These pleas, in substance, attempt to impute to the plaintiff, who was a fireman riding on the hose-cart, the negligence of the driver of the cart. Two of them, the 6th and 11th, not denying the allegations of the complaint, that the plaintiff was, at the time he was riding on said cart, engaged in or about the business of the fire department, in attending an alarm of fire, allege that the plaintiff and the driver of the cart were engaged in a joint enterprise in going to a fire, averring in the one, that the plaintiff's injuries were caused by the driver of the vehicle, and in the other, that the driver of said wagon was guilty of negligence in driving his wagon into and against the defendant's car, allege that thereby the driver proximately contributed to the injuries received by the plaintiff.

The principle here invoked is without merit as applied to this case. It has undergone elaborate discussion in the courts, and the doctrine once maintained in England is now repudiated generally in that country and in America. In the case of *Bailey v. Jourdan,* 18 N. Y. App. Div. 387, Bailey was a policeman of Brooklyn, and he and another policeman, Morgan, were sent by the police sergeant, with an ambulance, to bring to the station-house a prisoner. Morgan was detailed to drive the ambulance, and sat on the driver's seat and did the driving, while Bailey, the deceased, sat inside the vehicle. A dummy engine struck the ambulance and Bailey was killed in the collision. The contention of defendant was, that Bailey was negligent in failing to watch and wait for the coming train, and that Morgan, the driver, was negligent, and that his negligence should be imputed to Bailey. The testimony did not disclose any negligence on the part of the latter, personally. The court said that it was the duty of the driver and

not Bailey, to look out for coming trains; that the driver had exclusive charge of the wagon, and it made no difference that Bailey and Morgan were sent out by the sergeant in the common employment of bringing in a prisoner; that Bailey had nothing to do with the management of the wagon; that this was the duty of Morgan, with which Bailey had no connection and over which he had no control, and hence the negligence of the driver could not be imputed to him. To the same effect are cited the cases of *McCormick v. Nassau E. R. Co., Ib.* 333; *Galvin v. The Mayor,* 112 N. Y. 223; *Seaman v. Koehler,* 122 N. Y. 646. The distinction is clearly drawn in *Bailey's case, supra,* between cases of the kind, and others, where parties are engaged as comrades in a joint enterprise, with no one in absolute, individual control of the management of the vehicle, but where each, in a measure, is in the management and control of it.

In *Little v. Hackett,* 116 U. S. 366, Justice FIELD discussed the principle, and reviewed the authorities, saying that "The identification of the passenger with the negligent driver of the owner, without his co-operation or encouragement, is a gratuitous assumption. There is no such identity. The parties are not in the same position. The owner of a public conveyance is a carrier, and the driver, or the person managing it, is his servant. Neither of them is the servant of the passenger, and his asserted identity with them is contradicted by the daily experience of the world."

This court, in *Elyton Land Co. v. Mingea,* 89 Ala. 521, gave very thorough discussion of the subject, with citation of the authorities from many of the States, to sustain the view expressed in the foregoing cases. That was a case where the plaintiff, as an employe of the fire department of Birmingham, while riding in a hose cart or reel, in regular pursuit of his duties as a fireman, was injured by the capsizing of the vehicle, in consequence of the negligent condition of defendant's street railway over which it passed, the vehicle being driven by one Mullins, also a fireman, and under his exclusive control. The court charged the jury that the negligence

of the driver of the carriage could not be imputed to
the plaintiff, and could not be a bar to his recovery,
provided he was guilty of no negligence. Many charges
requested by defendant and refused, sought to impute
to plaintiff the alleged negligence of the driver, al-
though the former had no control over the management
of the hose cart or the horses attached to it. The court,
as a result of the discussion, announced: "The rule
must be regarded as now fully settled, both in England
and America, and certainly in this State, that the negli-
gence of the driver of a vehicle cannot be imputed to a
passenger therein, when the passenger is free from per-
sonal negligence, and has no control over the driver,
and has not been guilty of any want of care in his se-
lection." It was insisted by the defendant in that case,
as here, that the plaintiff and the driver were in the
employment of the city of Birmingham as firemen, and
were, at the time of the injury, in the employment of
the city, engaged in a joint enterprise, and for this rea-
son the contributory negligence of the one should be
imputed to the other. But this insistence was repudi-
ated by the court, in the expression: "Where several
persons are engaged in a joint enterprise, so that each
is mutually responsible for the acts of the other, and
no one has the exclusive control of the vehicle or vessel
in which they were traveling, the one in manage-
ment may be regarded as the agent of the others; and
in such cases, the rule we have first above announced
would have no application, that rule being based on
the fact that there is no relation of principal and agent
between the driver of a vehicle and one who rides with
him, without authority to control him in management.
*Vermus v. T. C. I. & R. Co.*, 97 Ala. 331; *L. & N. K.
R. Co. v. Mothershed*, 121 Ala. 658.

McKinney, who was the driver, testified that he was
assistant foreman of the north side fire department, and
was the driver of hose-wagon number 2; that the plain-
tiff was working with the same fire department; that
he assisted in driving; that when witness was there,
he, himself, was in charge and did the driving; that
plaintiff had nothing to do with the horses and wagon

or any control over them, except to hold them; that witness did the driving and Baker had nothing to do with it; that witness was driving the night of the injury, and Baker was on the wagon. In response to the question, "Did he have anything to do, directly or indirectly, with the reins or the driving of that wagon or horses that night?" he replied, "Nothing whatever;" that he "had nothing to do with controlling those horses and handling those lines or driving that wagon that night;" he was not sitting on the seat with witness, but was about two feet back of him on the ladders of the hose-wagon.

Walton and plaintiff testified substantially to the same facts, and there is no conflict in the evidence as to them.

The demurrers to the pleas mentioned were properly sustained.

3. It has been held in operating a railroad engine that "An intent to injure on the part of defendant's employes is not essential to liability, notwithstanding contributory negligence; it is enough, if they exhibit such wantonness and recklessness as to probable consequences, as implies a willingness to inflict injury, or an indifference as to whether injury is inflicted, though they may not have such affirmative purpose."—*Ala. G. S. R. R. Co. v. Burgess*, 119 Ala. 556 *M. & C. R. R. Co. v. Martin*, 30 So. Rep. 827; *L. & N. R. R. Co. v. Brown*, 121 Ala. 221, and cases there cited. In the latter case it was said: "The jury may, in a proper case, infer such consciousness, willingness or wantonness from his (the engineer's) knowledge of the perilous conditions."

The evidence from which the jury might draw an inference of wanton and reckless conduct on the part of the motorman of the electric car was conflicting. That on the part of the plaintiff tended to show, and this is not disputed, that the car, going south on Twentieth Street, stopped at the crossing of that street with First Avenue; that when it got to First Avenue it waited for the East Lake dummy train to pass down the avenue; that at that time, the hose-wagon, in response to

a fire alarm, started from headquarters on Fourth Avenue and Nineteenth Street,—the latter street being west of and parallel with Twentieth street,—and proceeding on Nineteenth street east, to First avenue, was going north, up that avenue, to Twentieth Street; that it was running about as fast as the horses could go, at the rate, as some of the witnesses estimated, of twenty-five miles an hour; was ringing its gong and making the usual noise in its movement, all of which could be easily heard, and was heard by witnesses examined. The evidence also tended to show that just before the wagon reached the crossing of the car line, the motorman started his car, just in time for it to collide with the hose-wagon going up Twentieth Street on the north of the car line; that the wagon was some 18 or 20 feet down First Avenue when the car started, and that the motorman did nothing to stop, after he started the car, and gave no warning that he was going to start. One witness testified that the motorman was standing on the platform of his car, as the wagon approached, another, that he was looking south, along Twentieth Street, and still another, that at the time he started his car he was looking back through the car, north, up Twentieth Street.

The evidence on the part of defendant was that the car did not start at all, but stood still, after it stopped, as the wagon approached, and was run into by the wagon.

Under this evidence, it was for the jury to say whether or not the motorman saw and heard the wagon as it approached, when he put his car in motion, if he did so, and willfully or wantonly or with reckless indifference to consequences failed to discharge the duty resting upon him to prevent the collision; and it was not competent for the court as a matter of law, to take this question from them, as proposed by defendant in several refused charges. Under the second count, notwithstanding the plaintiff may have been guilty of contributory negligence, these were improper instructions.

The 3d and 10th charges, as matter of law, make it contributory negligence for a fireman while riding to

a fire on a hose-cart, to stand on his feet and be in the act of putting on his coat. The evidence tended to show that the firemen, when starting to a fire, would not have time to put on their coats, and to avoid getting wet, and to be in readiness for service when they arrived at the fire, they put them on while on the way, and this they were allowed to do. This might or might not, in the minds of different persons, be negligence, and the court very properly declined to give the instructions which assumed as a matter of law that such an act of itself was contributory negligence.

There was nothing decided in this case on its former appeal (126 Ala. 135) opposed to anything here decided. On the former trial, issue was taken on the pleas and trial had thereon, to which pleas on the reversal and remandment of the cause to the circuit court, demurrers were interposed and sustained. The two trials proceeded on different issues, and the questions now decided were not considered on the former appeal.

We have passed on all the assignments of error insisted on in brief of counsel, and finding no error, let the judgment of the lower court be affirmed.

Affirmed.