# Mobile, Jackson & Kansas City R. R. Co. *v.* Smith.

*Action for Damages for Personal Injury.*

(Decided Nov. 12, 19007.   45 So. Rep. 57.)
(Rehearing denied Dec. 19, 1907.)

1. *Railroads; Willful or Wanton Injury.*—The intentional doing of an act with reckless indifference to consequences under circumstances making the doer conscious that his act will likely result in injury,

is wantonness, and the court properly submitted to the jury to determine whether the act of those operating the train was willful or wanton, where the evidence showed that the railroads official, and the conductor in charge of the train which caused the injury, knew that the plaintiff and her husband were living in a box car on a siding, although the conductor did not know whether she was in the car at the time of the injury, and a car from the train was violently kicked into the siding striking the car in which plaintiff was, and throwing her down and injuring her.

2. *Appeal; Harmless Error; Error Favorable to Party Complaining.*—A charge authorizing the awarding of punitive damages, if the jury are satisfied that the injury was wantonly or willfully inflicted, while exacting a too high degree of proof from plaintiff, is harmless to defendant.

3. *Same.*—An instruction limiting the amount of plaintiff's recovery to $10,000.00, is harmless to defendant where the complaint claims $50,000.00.

APPEAL from Mobile Circuit Court.

Heard before Hon. Samuel B. BROWNE.

Action by Callie V. Smith against the Mobile, Jackson & Kansas City Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

See 146 Ala. 312, 40 South. 763.

Action by Callie V. Smith against the Mobile, Jackson & Kansas City Railroad Company for damages. The nature and character of the action and the tendencies of the evidence are sufficiently stated in the opinion of the court. In its oral charge the court said, among other things: "If you are reasonably satisfied from all the evidence that this act was wantonly inflicted, as defined by the court, you may, in your sound discretion, based upon the evidence, award punitive damages." "Also you may award punitive damages, based upon the evidence, in your sound discretion, if you think the plaintiff is entitled to it, and you are satisfied that this act was wantonly and willfully done." The court gave for plaintiff the following charge: "If you find that the plaintiff is entitled to recover damages in this case, then you have the right to assess the damages at any amount you find to be proper, under the evidence, not to exceed $10,000."

There was verdict for the plaintiff in the sum of $300, from which this appeal is prosecuted.

McINTOSH & RICH, for appellant. The court erred in not giving the affirmative charge to the 6th count.—*M. & C. R. R. Co. v. Martin,* 117 Ala. 382; *Glass v. M. & C. R. R. Co.,* 94 Ala. 588; *L. & N. R. R. Co. v. Anchors,* 114 Ala. 499; *L. & N. R. R. Co. v. Brown,* 121 Ala. 226; *L. & N. R. R. Co. v. Banks,* 132 Ala. 480; *Southern Ry. Co. v. Haywood,* 41 South. 949. The court erred in its oral charge to the jury authorizing it to award punitive damages.—*R. & D. R. R. Co. v. Vance,* 93 Ala. 144. The court erred in giving the charge requested by plaintiff. —*Garrett v. Sewell,* 108 Ala. 525.

McALPINE & ROBINSON, for appellee. Even under count C., if the negligence is shown to be gross, plaintiff was entitled to punitive damages if the jury though plaintiffs were entitled.—*Bir. Ry. L. & P. Co. v. Nolan,* 134 Ala. 329; *A. G. S. R. R. Co. v. Arnold,* 63 Ala. 226; *Sced's Case,* 115 Ala. 670. So the failure to give the affirmative charge as to the 6th count, was error without injury.—Authorities supra. In the matter of damages, there is no distinction between gross negligence and wanton.—Authorities supra. The question of the degree of negligence is properly left to the jury.—144 U. S. 428; 55 N. E. 61; 126 Ala. 567; 29 Ala. 294; 87 Ala. 392; 123 Ala. 233. The plaintiff was not a mere licensee.—*A. G. S. R. R. Co. v. Yarborough,* 83 Ala. 238; *Campbell v. Harris,* 23 S. W. 35.

TYSON, C. J.—At the time plaintiff received her injuries she was occupying, with her husband, by and with the consent of the defendant, as a dwelling, one of its box cars. This car was located upon a side track of defendant's road at or near one of its stations. The occu-

pancy of the car by the plaintiff as a dwelling covered a period of time of about six months prior to the occasion of her injury. The testimony tended to show not only that the railroad officials knew of her living in this car, but that its employes who were operating the various trains of defendant over its road also knew it. Indeed, the conductor who had charge of the movement of the freight train, which plaintiff's testimony tended to show caused the injury complained of, admitted that he knew that plaintiff and her husband were living in the car at the time the injury was inflicted, but that he did not know whether or not she was in the car at that time, but supposed that she was. Her injury was caused by a fall which was occasioned by the car in which she resided being violently struck by a freight car which was kicked into and upon the side track upon which it stood by an engine operated by the defendant's employes. The trial court, upon the conclusion of the testimony, at defendant's request eliminated by written charges the plaintiff's right to recover upon all the counts of the complaint, except the sixth, which predicated her right of recovery upon the willful or wanton conduct of defendant's servants, and submitted to the determination of the jury the question whether the act of those operating the freight train which caused the injury complained of was willful or wanton. It is here insisted that this was error, and that the affirmative charge on this count should also have been given. The point is pressed that there is no evidence, inferentially or otherwise, tending to show that defendant's servants knew that plaintiff was in the car at the time it was struck, and, unless they actually knew (not ought to have known) that she was in it, that their conduct did not as matter of law amount to willfulness or wantonness, but at best must be regarded as mere simple negligence.

We apprehend the true rule to be as applicable to this case, as has been frequently announced by this court, that to the implication of willfulness or wantonness or reckless indifference to probable consequences it is essential that the act done or omitted should be done or omitted with a knowledge and present consciousness that injury would probably result; and this consciousness is not to be implied from mere knowledge of the elements of the dangerous situation—for this the party charged may have and yet act only negligently and inadvertently in respect of the peril—but it must be shown, either positively or inferentially, that he willfully or wantonly or with reckles indifference failed to discharge the duty resting upon him, or that he was at the time conscious that his conduct would probably result in disaster.—*L. & N. R. R. Co. v. Brown*, 121 Ala. 25 South. 609. When the act is done or omitted to be done, under circumstances and conditions known to the person, that his conduct is likely to or probably will result in injury, and through reckless indifference to consequences he consciously and intentionally does a wrongful act or omits an act, the injury may be said to be wantonly inflicted.—*M. & C. R. R. Co. v. Martin,* 117 Ala. 367, 382, 23 South. 231, and cases there cited. Indeed, with respect to the question of wantonness vel non, this case is clearly in the category of that class of cases which have been frequently reviewed by this court, when the injury was inflicted at a public crossing in a populous city when it was likely that travelers were in the act of crossing and a train of cars were voluntarily and unnecessarily rushed over the crossing at a rapid rate of speed, etc. In such cases it has never been deemed essential to a recovery for wantonness that the plaintiff's presence upon the crossing should be actually known to those operating the train. If the conditions—that is, the likelihood of

peril to the safety of passers-by—were known to the person in control of the train, and through reckless indifference to consequences he consciously and intentionally caused the train to run over the crossing at a reckless rate of speed, this has been uniformly held to amount to wantonness.—*L. & N. R. R. Co. v. Webb,* 97 Ala. 308, 12 South. 374; *Birmingham Ry. & Elec. Co. v. Baker,* 132 Ala. 507, 31 South. 618; *Highland Ave. & Belt R. R. v. Robbins,* 124 Ala. 113, 27 South. 422, 82 Am. St. Rep. 153; *Sou. Ry. Co. v. Crenshaw,* 136 Ala. 573, 34 South. 913; *Halcy v. K. C., M. & B. R. R. Co.,* 113 Ala. 640, 21 South. 357. We need only apply these principles to the tendencies of the testimony to see that the trial court correctly submitted the issue of fact of wantonness vel non to the determination of the jury.

The only possible criticism of the oral charge of the court, with respect to the plaintiff's right to recover punitive damages, to which an exception was reserved, is that it exacted too high a degree of proof of the plaintiff in the use of the word "satisfied." Of this the defendant cannot complain. In all other respects it was clearly correct.—*A. G. S. R. R. Co. v. Burgess,* 119 Ala. 555, 564, 25 South. 251, 72 Am. St. Rep. 943. And the only criticism of the written charge given at plaintiff's request is that it limited the amount of plaintiff's recovery to $10,000, whereas the complaint claimed $50,000. Of this the defendant cannot complain.

Finding no reversible error in the record, the judgment appealed from must be affirmed.

SIMPSON, ANDERSON, and DENSON, JJ., concurring.