RUTH PENN, as Executrix of the Estate of E. M. BAYNARD, deceased, v. NORA E. PEARCE, widow of R. S. PEARCE, deceased.

163 So. 288.

Opinion Filed September 23, 1935.

*Knight, Thompson & Turner* and *Stafford Caldwell,* for Plaintiff in Error;

*Holland Crevasse* and *Carver & Langston,* for Defendant in Error.

BUFORD, J.—Writ of error is to review a judgment in favor of plaintiff in the court below, defendant in error here, against the defendant in the court below as Executrix of the Estate of one R. M. Baynard, deceased, plaintiff in error here.

The deceased husband of Nora E. Pearce was a fireman on a freight train operated by the Atlantic Coast Line Railroad over its tracks. Baynard was a man of mature years and at the time of the unfortunate accident was driving an automobile in Auburndale, Florida. The railroad tracks on which the freight train was being operated crossed that street at about right-angles. The train was moving in a northeasterly direction and the automobile was moving in a westerly direction. So, the automobile approached the train from the right-hand side of the train. The automobile and the train were evidently traveling at about the same rate of speed.

The record shows conclusively that the engineer operating the train was sounding its whistle and ringing the bell constantly as he approached the crossing. Baynard was

deaf. He evidently never saw nor heard the train, although it was in plain view for a considerable distance before he reached the track, had he looked in that direction.

The engine of the train and the automobile came into collision at the crossing. Just before the collision occurred the automobile turned to the right, throwing its course more in the same direction in which the train was going. We gather from the record that the pilot beam on the right side of the engine and the pilot step came in contact with the automobile just to the rear of the left front wheel of the automobile. The compact of the collision threw the automobile against a switch-stand in such a manner that the contact with the switch-stand threw the switch as the engine was passing over it. This throwing of the switch caused part of the wheels of the engine to take one set of rails, while the other wheels of the engine were on other rails. The result was that the engine overturned. The freight cars which were pulled piled up and the fireman was killed, as was also Baynard. That Baynard was guilty of negligence which resulted in the overturning of the locomotive and the killing of plaintiff's husband is established beyond question. As heretofore stated, Mr. Baynard was deaf. He was driving an automobile over a street which crossed a railroad upon which he knew that trains were often passing. He was familiar with the surroundings and, knowing himself to be deaf, there was an increased degree of duty devolved upon him to keep a sharp lookout, which he evidently did not do. On the contrary, he approached that track without slackening his speed, although a heavy freight train was approaching the same point, with the whistle sounding and the bell ringing to warn of its approach.

It is contended that the train was being operated at an excessive rate of speed which constituted negligence on the

part of the persons in charge of the train, but the record, in our judgment, fails to show that the fireman, whose wrongful death is the basis of this suit, was responsible for the speed of the train, in any manner except that he was required to keep up steam. Although we might hold that it is the duty of the fireman to keep a look-out ahead and to warn the engineer if he sees danger approaching from the left side of the train or ahead of the train, it cannot be said to be the duty of the fireman to also keep a look-out on the engineer's side of the train to observe whether or not some hazardous approach is being made from that side. It is a matter of common knowledge of which courts may take judicial cognizance that the engineer's position is on the right side of the cab and that the fireman's position, when not engaged in firing the boiler, is on the left side of the cab.

The engine is in control of the engineer and the fireman is subject to the orders of the engineer. It is hardly conceivable that we can be asked to assume that the fireman may dictate to the engineer the rate of speed at which the train may be operated. In fact, in the present case the engineer testified in effect that if the fireman had protested concerning the speed of the train he would have handled the train just as he did handle it.

So we think that the record shows no element of contributory negligence on the part of the fireman. See G. F. & A. R. R. Co., v. King, 73 Fla. 325, 74 Sou. 475; Birmingham Ry. and Elec. Co. v. Baker, 132 Ala. 507, 31 Sou. 618, 45 C. J. 1020, 1021; 45 C. J. 1036.

The second question presented by plaintiff in error is: "Can the plaintiff recover against the defendant herein on a declaration which alleges in both counts that the locomotive *sideswiped* the automobile when the evidence shows

without contradiction that the front end of the locomotive struck the automobile amidships and did not sideswipe it?"

The answer to this question will depend entirely upon how the language referred to is used.

The first count in the declaration under consideration contains the following: "that on said day the said E. M. Baynard so wantonly, negligently and carelessly operated and managed the said automobile that he propelled and ran the same into collision with the said locomotive in which the said R. S. Pearce was then and there riding."

This count of the declaration alleges the result thereof, as follows:

"That as a result of the wanton, careless and negligent operation of the said automobile by E. M. Baynard as aforesaid, the automobile collided with and sideswiped the locomotive, the locomotive was derailed and wrecked and the said R. S. Pearce was then and there killed; that after the commission of the said wrongful acts as aforesaid the said E. M. Baynard died and one Ruth Penn was duly appointed Executrix of his estate and the said Ruth Penn is now the duly qualified acting Executrix of the estate of E. M. Baynard, deceased, she having been appointed by Order of the County Judge of Polk County, Florida."

The second count of the declaration alleges:

"That the said E. M. Baynard did negligently and carelessly propel and operate the said automobile then and there so that the said automobile was caused to collide with and sideswipe and the said automobile did so collide with and sideswipe a certain moving locomotive on which R. S. Pearce was riding while in the usual course of his employment and that as a direct and proximate result and consequence of the said careless and negligent acts of the said

E. M. Baynard as aforesaid; the said R. S. Pearce was then and there crushed and killed."

The allegation as to the negligence in the first count of the declaration does not allege that the deceased Baynard caused the injury by sideswiping the locomotive. It does allege that as a result of the wanton, careless and negligent operation of the automobile it collided with and sideswiped the locomotive.

The second count of the declaration in alleging the negligent act states that Baynard did negligently and carelessly propel and operate the said automobile then and there so that the said automobile was caused to collide with and sideswipe, and the said automobile did collide with and sideswipe, a certain moving locomotive, etc.

We think in both instances the word "sideswiped" has no particular significance and if it it did the jury was justified in arriving at the conclusion that sideswiping occurred, because the photographs introduced in evidence, especially defendant's Exhibit No. 4, show that both the front and rear fenders on the left side of the automobile were bent and crushed. The evidence further shows that the automobile was thrown away from the engine forward and to the right, thus breaking and deranging the switchstand. The negligent bringing of the automobile into collision with the engine is the gravamen of the charge.

There appears to us to be no such disagreement between the allegations and proof as to warrant a reversal.

Therefore, the judgment should be affirmed.

It is so ordered.

Affirmed.

WHITFIELD, C. J., and TERRELL, BROWN and DAVIS, J. J., concur.

DAVIS, J. (concurring).—This case is most unusual in that it is the only one I have discovered in the history of the jurisprudence of Florida where the representative of a deceased railroad employee has successfully sued an automobile driver for negligently getting in the way of a train, whereby the train was wrecked and both the automobilist and railroad employee were killed.

Even if the railroad engineer was negligent in his operation of the railroad engine at an excessive rate of speed (and I find from the record that he was conclusively shown to be) it still remains to be decided whether the negligence of the engineer can be legally imputed to the deceased fireman under the circumstances. The fireman is not shown to have neglected any duty in connection with avoidance of the collision complained of which originated with the bringing of the automobile in contact with the locomotive, through the negligence of the auto driver. See Restatement law of Torts, 2 L. I. pages 1159, *et seq.;* S. A. L. v. Watson, 94 Fla. 571, 113 Sou. Rep. 716. Starling v. Gainesville, 90 Fla. 613, 106 Sou. Rep. 425.