# Louisville & Nashville Railroad Co. *v.* Brown, Adm'r.

*Action for Damages for Death by Negligence.*

1. *Wantonness; what necessary to implication of.*—To the implication of willfulness or wantonness or reckless indifference to probable consequences it is essential that the act done or omitted should be done or omitted with a knowledge and present consciousness that injury would probably result; and this consciousness is not to be implied from mere knowledge of the elements of the dangerous situation, for this the party charged may have and yet act only negligently and inadvertently in respect of the peril. Hence, in a suit for damages for causing death, in order to justify the court in striking out the plea of contributory negligence, or in giving charges based on willful or wanton or reckless conduct on the part of the defendant, it is necessary that the complaint aver either in terms that the defendant willfully or wantonly, or with reckless indifference failed to discharge the duty resting on him, or that he was at the time conscious that his course would probably result in disaster.

2. *Wanton negligence; complaint must aver in order to recover for.* It is error to refuse a charge to the defendant that the plaintiff cannot recover for the wanton or willful misconduct of

| 121 | 221 |
|-----|-----|
| 121 | 498 |

| 121 | 221 |
|-----|-----|
| 124 | 118 |
| 124 | 177 |
| 125 | 218 |

| 121 | 221 |
|-----|-----|
| 130 | 436 |
| 131 | 279 |

| 121 | 221 |
|-----|-----|
| 132 | 480 |
| 132 | 515 |
| 132 | 518 |
| 133 | 873 |

| 121 | 221 |
|-----|-----|
| 134 | 292 |

| 121 | 221 |
|-----|-----|
| 136 | 353 |

| 121 | 221 |
|-----|-----|
| 141 | 530 |

| 121 | 221 |
|-----|-----|
| 144 | 380 |
| 144 | 382 |

[Louisville & Nashville Railroad Co. v. Brown, Adm'r.]

the defendants engineer and fireman, when that issue is not in the case by the necessary averments.

3. *Contributory negligence; when recovery had notwithstanding proof of.*—In an action by an administrator for the death of his intestate caused by negligence, if it is made to appear that the deceasd was guilty of contributory negligence, there may be a recovery, notwithstanding such negligence, if it further appears that the defendant, after becoming aware of the intestate's peril in time to avoid inflicting injury on him by the proper use of preventive means at his command, yet listlessly, inadvertently or negligently failed to resort to such means, and that the deceased was free from negligence after he became conscious of his danger.

4. *Same; to what averment in the complaint it may be pleaded.*—To a count in the complaint which charges that after the person causing the injury became aware of the danger of the party injured he refused or neglected to use the means at his command to prevent it, the plea of contributory negligence may be interposed.

5. *When sufficiency of plea should be tested by demurrer.*—When a plea of contributory negligence is interposed to a count of the complaint which charges that the defendant was guilty of negligence after he became aware of the peril of the party injured and the injury was the result of his negligence, its sufficiency should be tested by demurrer and not by motion to strike, nor, of course, can the insufficiency of the plea be assumed in instructions given to the jury.

6. *Same; when arising from violation of a rule.*—If an employé of a railroad company violates a rule of the company known to him and is injured because of such violation, he cannot recover damages for the injury unless it is made to appear that the rule was impracticable of observance consistently with the duties imposed upon and required of the employé.

7. *Damages; extent of recoverable.*—Where the evidence fails to furnish any data by which the jury can determine the probable value of the estate of the intestate on the assumption that his mortality had not been untimely cut off, their verdict should be for such sum only as will suffice to pay for the support of those dependent upon him, to the extent he was accustomed to contribute to that end, during his life expectancy as computed in the case of L. & N. R. R. Co. v. Trammell, 93 Ala. 350.

APPEAL from the Circuit Court of Mobile.
Tried before the Hon. WILLIAM S. ANDERSON.
Henry H. Brown, as the administrator of Jas. L.

[Louisville & Nashville Railroad Co. v. Brown, Adm'r.]

Brown brought this suit to recover damages for the death of his intestate, caused by the negligence of the defendant, the Louisville & Nashville Railroad Co. There was a plea of contributory negligence. The following charge was given at the request of the plaintiff: "B" "The court charges the jury that even if Jas. L. Brown knew of the rule in question and violated it and even if he was guilty of contributory negligence this would constitute no defense to the fifteenth and sixteenth counts of the complaint if the plaintiff has proven the allegations of these counts." The court also gave charge "C" to the plaintiff which is in effect the same as the above. The fifteenth and sixteenth counts as construed by this court contained no allegations of wantonness or wilfulness and the above charges were based on wanton or intentional wrong. The rule referred to in the charges was a rule of the railroad company forbidding employés to go between cars when they or either of them were in motion. Counts fifteen and sixteen in effect aver that after the deceased had gone between the cars to uncouple them, and after the fireman whose duty it was to signal the engineer in charge of the engine had observed his dangerous situation, he could by the proper signal have caused the engine to stop and the injury to be avoided.

THOS. G. JONES, for appellant.—The court struck out pleas of contributory negligence filed by the defendant to certain counts of the complaint on the ground that the counts charged wilful negligence to which the pleas could not be offered. This was error because the counts, or all of them at least, did not charge wilfulness or wantonness or intentional wrong.—*B'ham Electric Ry. v. Bowen*, (MSS.); *Croker's Case*, 95 Ala. 412; *L. & N. R. R. v. Markee*, 103 Ala. 160. (2). Charges "B" and "C" are erroneous and the giving of them was tantamount to instructing the jury, 1, if the fact alleged in those counts were proven they show wanton and intentional wrong; 2, for such wrong there can be a recovery against the defendant; 3, that such a wrong absolved intestate from all duty to care for himself and prevented any defense of contributory negligence. See cases above cited.

HARRY T. SMITH, *contra.*
No brief came to the hands of the reporter.

McCLELLAN, C. J.—The complaint originally contained nineteen counts. At the trial below all but five counts were stricken out or withdrawn and the trial was had upon these five, numbered respectively 9, 11, 15, 16 and 19. They each count upon the wrong of one McDonald, a fireman, as of a person at the time in the charge and control of an engine. The 9th count avers that plaintiff's intestate, James L. Brown, "was killed by reason of the fact that while he was upon defendant's track between the tender of the engine and a box car engaged in the performance of his duties as a brakeman in uncoupling said engine from said box car, and while he, the said fireman, knew that said Brown was in such perilous position, and while he knew that the engineer was moving or about to move said engine toward the said Brown with such force and violence as to greatly endanger his life, he, the said fireman, failed to notify said engineer of the said perilous position of said Brown, although it was his duty as such fireman to have so notified said engineer, and by reason of said failure on the part of said fireman, said engineer ran said train back upon said Brown with such force and violence as to throw him to the ground and kill him." The 11th count avers that "Brown was killed by reason of the fact that while he was about to go upon defendant's track between said engine and car, for the purpose of uncoupling them, as was his duty, said fireman negligently allowed said engineer to remain unaware of the fact that said Brown was about to go between said engine and car, although he, said fireman, well knew said fact, although it was his duty as such fireman to have informed the engineer of said perilous position of said Brown, and by reason of all which, said engineer backed his train against said Brown and killed him." The 15th count ascribes the casualty to the fact that Brown in the discharge of his duties was between the tender and a car for the purpose of uncoupling them, that the fireman knew this and knew also that the engineer was not aware of Brown's

perilous position, and that although it was the fireman's duty to have informed the engineer of Brown's position, yet he nevertheless failed to do so, and in consequence of such failure the engineer backed his train against Brown and killed him. The 16th count avers that Brown was killed by reason of the fact that "although he was in a perilous position in the performance of his duties, to-wit: Between said engine and said car, and although this fact was unknown to the engineer and was well known to said fireman, and although said fireman knew that it would greatly imperil the life of said Brown for the engineer to continue to back said train, and although it was the duty of such fireman to have so informed said engineer, he nevertheless failed to inform his said engineer of the said perilous position of said Brown, by reason of which the engineer backed his train against said Brown and killed him."

The averment as to the cause of Brown's death in the 19th count is as follows: "Said Brown was killed by reason of the fact that at the time when he was about to go between the tender of said engine and one of the cars attached thereto, for the purpose of uncoupling them, he, the said Brown, signalled for slack, and it was the duty of said fireman upon said engine to communicate said signal to said engineer, but said fireman well knowing that Brown was about to go or had gone between said tender and car for the purpose of uncoupling them, and that it would endanger his life to run said tender back further than was necessary to give slack thereto, and well knowing that the engineer was not aware of the position of said Brown, and being charged with the duty of communicating to the engineer the signal given by said Brown, negligently communicated a wrong signal to said engineer, and instructed him to back up instead of give slack, by reason of which said engineer moved said engine and tender a greater distance than was proper for the purpose simply of giving slack by reason of which said Brown was stricken to the ground and killed."

To each of these counts the defendant pleaded not guilty, and contributory negligence. The plaintiff thereupon moved the court to strike out the pleas of con-

tributory negligence on the ground that each of the counts of the complaint charges "that the injury arose from conduct on the part of the servants of the defendant which was the equivalent to wanton or intentional wrong, and the plea of contributory negligence cannot therefore be pleaded as a defense to either of said counts, or to the whole complaint containing said counts." The court granted this motion and struck said pleas.

It is clear, we think, that neither one of the counts of the complaint present a case of wanton or wilful misconduct on the part of the fireman. At the most they severally allege only negligence on his part. It is averred that he knew Brown's peril, that by giving the proper signal or information to the engineer Brown's safety would have been conserved in spite of the perils which his position involved, and that with a consciousness that the engineer was unaware of the situation, he, the said fireman, failed to give such signal or information. It is not averred that he wilfully or wantonly so failed, or that he was conscious of his failure, but to the contrary the express averment in some of the counts and the necessary implication in the others is that the fireman *negligently* failed to give the proper signal. To the implication of wilfulness, or wantonness, or reckless indifference to probable consequences it is essential that the act done or omitted should be done or omitted with a knowledge and a present consciousness that injury would probably result; and this consciousness is not to be implied from mere knowledge of the elements of the dangerous situation, for this the party charged may have and yet act only negligently and inadvertently in respect of the peril, but it must be alleged either in terms that he willfully, or wantonly or with reckless indifference failed to discharge the duty resting upon him, or that he was at the time conscious that his course would probably result in disaster. Of course these necessary averments may be proved by the circumstances—the jury may, in a proper case, infer such consciousness, willfulness or wantonness from his knowledge of the existing perilous conditions; but that this may be done is no excuse for the pleader's pretermission of their averment.—*A. G. S. R. R. Co. v. Burgess,*

119 Ala. 555; *A. G. S. R. R. Co. v. Burgess,* 114 Ala. 587; *L. & N. R. R. Co. v. Markee,* 103 Ala. 160; *H. A. & B. R. R. Co. v. Swope,* 115 Ala. 287; *A. G. S. R. R. Co. v. Hall,* 105 Ala. 599; *A. G. S. R. R. Co. v. Burgess,* 116 Ala. 509.

It follows that the trial court erred in sustaining plaintiff's motion to strike defendant's pleas of contributory negligence from the files. The counts to which they were addressed do not "charge that the injuries arose from conduct on the part of the servants of the defendant which was equivalent to wanton or intentional wrong," as set forth in the motion. And this being true of all the counts upon which the trial was had, the court similarly erred in giving charges B. and C. for plaintiff and in refusing to give the several charges requested by the defendant to the effect that plaintiff could not recover for the wanton or willful misconduct of defendant's engineer and fireman. That issue was not in the case.

This case involves an application of another well established principle of law going to defendant's liability notwithstanding negligence on the part of plaintiff's intestate. It is this: Where the injured party is negligent in assuming a position of danger in such degree and so contributing to his hurt as that his fault will leave him without a right of recovery for any primary negligence of the other party, by which we mean any negligence which has from the point of view of the person inflicting the injury no relation to the other party's situation, yet he may nevertheless recover if the person charged with the wrong and injury became aware of his peril in time to avoid injuring him by the proper use of all preventive means at his command, and listlessly, inadvertently, negligently failed to resort to such means in conservation of his safety, provided he is himself free from negligenve after he becomes conscious of his danger. In such case the original negligence of the injured party whereby he is placed in a perilous position does not in a legal sense contribute to the result; it is a remote, not a proximate cause, it is a condition indeed rather than a cause, remote or proximate; and the law ascribes the disaster solely to a want of due care on the part of the person controlling the agency of the injury,

but for whose negligence no hurt would have been done notwithstanding the injured party's original fault. We need not enlarge in the discussion of this doctrine. It obtains in the common law of England, *Davies v. Mann,* 10 M. & W. 546, and has been often recognized and declared by this court.—*Tanner's Extrs. v. L. & N. R. R. Co.,* 60 Ala. 621; *Frazer's Admr. v. S. & N. R. R. Co.,* 81 Ala. 185; *M. & C. R. R. Co. v. Womack,* 84 Ala. 149; *L. & N. R. R. Co. v. Webb,* 97 Ala. 308; *L. & N. R. R. v. Hurt,* 101 Ala. 34; *A. G. S. R. R. Co. v. Burgess,* 116 Ala. 509. There may be some expressions in the opinion in Ga. Pac. R'y Co. v. Lee, 92 Ala. 262, on this subject, and in respect of willfulness and the like, which are to be taken as shaded and modified by the later decisions cited above. Counts 15 and 16 of the complaint present a case falling within the principle just stated, if it be assumed that Brown, plaintiff's intestate, was negligent in placing himself between the tender and car just before he was hurt. With this assumption these counts proceed in legal contemplation upon the theory that Brown's negligence brought him into a position of peril which became known to the fireman in time for the engine to have been stopped short of the injury had he promptly informed the engineer of the situation, that he negligently failed to give the engineer this information, or the proper signal and that such failure caused the death of Brown. It was no answer to these counts that Brown was guilty of negligence in assuming the perilous position; such negligence was remote not proximate, and hence not contributory in a material sense; it produced merely a condition upon which the alleged negligence of the fireman operated to Brown's death, and did not co-operate with the fireman's negligence as a joint cause of the disaster. But it does not follow that there could have been no negligence on the part of Brown which could have proximately contributed to the injury as laid in these counts. He might have been at fault in failng to make proper effort to extricate himself after becoming aware of his peril, and such fault may have combined with the fireman's negligence to cause the result. Hence it is that to such a count contributory negligence may be pleaded; and when such plea is interposed its

sufficiency should be tested by demurrer and not by a motion to strike, nor, of course, can the insufficiency of the plea be assumed in instructions given to the jury. Charges B. and C., before referred to, given for plaintiff were asked and given upon the erroneous notion that counts 15 and 16 charged wantonness or intentional wrong, and, as we have said, should have been refused because no such charge was made in any count of the complaint. Taking the counts in question to charge negligence of the defendant operating upon a known perilous position assumed by Brown, these charges were yet bad in that while Brown's negligence in assuming the position may not have been a proximate cause of his injury, yet he might have been guilty of other negligence in the premises which was proximate and contributory and which would have defeated the action. Moreover a plea to these counts denying negligence on the part of the fireman after he became aware of Brown's peril and affirming contributory negligence on the part of Brown in being at the place where he was killed would have been a complete defense to them; as also, indeed, would be a want of proof or disproof under the general issue that the fireman knew of Brown's peril.

If it should be made to appear under proper issues on another trial that Brown signaled to the fireman for the engine to "come back," that the latter communicated this to the engineer, that the engineer put the engine in motion in compliance with this signal and that Brown then went in between the tender and car and was killed by the tender running against or upon him in the movement of the train for which he had signaled, then, in such case, the affirmative charge should be given for the defendant. Again, if Brown signaled for "slack" only and the fireman misinterpreted his signal and directed the engineer to "come back," and Brown went in between the cars on the assumption that they would be moved only sufficiently to give "slack," and they were moved with the force and violence incident to coming back and in consequence of such increased momentum beyond that necessary to give slack Brown was killed, the plaintiff would be entitled to recover unless the jury should find that Brown was guilty of contributory

negligence in going between cars moving at the rate these were at the time, or that he violated a rule of the company, known to him, which forbade brakemen to go between cars moving at all, if it be not made to appear that such rule was impracticable of observance consistently with the duties imposed upon and required of brakemen by the defendant company. And there may be other possible categories of fact in the case; but we deem it unnecessary to attempt to set them hypothetically down here. It is also unnecessary for the purposes of another trial, we think, to pass upon the other questions reserved on the record before us, further than to say that as the evidence fails to furnish any data by which the jury could determine the probable value of Brown's estate on the assumption that his mortality had not been untimely cut off, their verdict should have been for such sum only as would suffice to pay for the support of those dependent upon him, to the extent he was accustomed to contribute to that end, during his life expectancy, as computed in the case of *L. & N. R. R. Co. v. Trammell*, 93 Ala. 350.

Reversed and remanded.