(127 So. 216)

## JOHNSON v. LOUISVILLE & N. R. CO.

7 Div. 870.

Supreme Court of Alabama.
March 27, 1930.

650

W. A. Denson, of Birmingham, for appellant.

Leeper & Wallace, of Columbiana, for appellees.

FOSTER, J.

Charges S and 20 given for defendant were intended to state the law of subsequent negligence. The only count that went to the jury was one which alleged subsequent negligence. The injury was at the crossing of a public road with a railroad. Negligence is claimed to be that of the engineer Weaver after discovering plaintiff's peril. The charges S and 20 not only require that Weaver shall have discovered plaintiff's peril, and then negligently failed to use all the means at hand, but in addition, in order for plaintiff to recover, require that he was conscious that his failure would likely or probably result in injury.

■ It is said that the distinction between subsequent negligence and wantonness after the discovery of peril is that, in the former, the failure to act was negligent merely; in the latter, that the failure was purposely and consciously done. So. Ry. Co. v. Shelton, 136 Ala. 212, 34 So. 194, 201; So. Ry. Co. v. Hyde, 164 Ala. 162, 169, 51 So. 368.

It is sometimes said that wantonness consists in a failure to act after knowledge of peril with reckless indifference to consequences. But it is also stated, with perhaps equal frequency in the same connection, that, if his failure after knowledge of the peril is accompanied with a consciousness that his failure will probably result in injury, and that if such injury proximately follows, it sufficiently charges wantonness, and such averments are equal to the charge that there was reckless indifference to the consequences. L. & N. R. R. Co. v. Brown, 121 Ala. 221, 226, 25 So. 609; M., J. & K. C. R. R. v. Smith, 153 Ala. 127, 131, 45 So. 57, 127 Am. St. Rep. 22; Ala. G. S. R. R. Co. v. Moorer, 116 Ala. 642, 645, 22 So. 900; B. R. & E. Co. v. Bowers, 110 Ala. 328, 331, 20 So. 345.

While the jury may in a proper case infer from knowledge of perilous conditions that the engineer was conscious that his failure would probably result in injury, such consciousness is an element of wantonness, but

not of subsequent negligence, and is of the very essence of the difference between them. L. & N. R. R. Co. v. Brown, supra.

The consciousness that a negligent failure to act after knowledge of the peril will probably result in injury is equal to an averment of a conscious failure to act after such knowledge proximately causing the injury. The authorities cited show that there is no distinction in this regard. But such consciousness of the probable result is not equivalent of knowledge of the peril, though it may or may not be inferred from it.

■■ Charges S and 20 therefore injected an element in subsequent negligence beyond the requirements of law, and of the complaint. Though the court may have otherwise correctly charged the jury (which does not clearly appear), such fact would not cure the reversible error in giving the charges which impose a burden or duty materially beyond the requirements of law. L. & N. R. Co. v. Christian, etc., B. Co., 150 Ala. 390, 43 So. 723; Schieffelin v. Schieffelin, 127 Ala. 14, 38, 28 So. 687; Ala. City, G. & A. Ry. Co. v. Bates, 155 Ala. 347, 46 So. 776; Ala. Power Co. v. McIntosh, 219 Ala. 546, 122 So. 677 (20); Bessemer Feed Mills v. A. G. S. R. R. Co., 217 Ala. 446, 116 So. 796.

■ The court gave the affirmative charge to defendant on the counts claiming respectively for simple negligence and wantonness, after which there was left only the count claiming for subsequent negligence, to which there was no claim of contributory negligence by plaintiff after knowledge of his peril.

Charges 12 and 13 given for appellee denied a recovery, if plaintiff was negligent in not stopping, looking, and listening at a point sufficiently near to discover the danger, and if such failure was the sole proximate cause of his injury. There was then no such issue left in the case. The hypothesis that it is the sole proximate cause of the injury does not relieve them of error, though that may imply that defendant was not negligent in a manner which proximately caused the injury, yet it injects an issue in the case which is not presented in the pleadings, and is prejudicial in impressing upon the jury an abstract issue. Allen v. Birmingham Southern Ry. Co., 210 Ala. 41, 97 So. 93; Boyette v. Bradley, 211 Ala. 370, 100 So. 647.

With equal propriety the observations in this connection expressed in the above cases with respect to a wanton count apply to subsequent negligence. Although to such count a plea of contributory negligence, after knowledge of the present and impending peril, is available (A. G. S. R. R. Co. v. Smith, 178 Ala. 613, 620, 59 So. 464; A. G. S. R. R. Co. v. McWhorter, 156 Ala. 269, 277, 278, 47 So. 84, 87; So. Ry. Co. v. Stewart, 153 Ala. 133, 45 So. 51), there was no such plea

652

in this case, and, if there had been such plea, the given charges did not embrace a requirement of such knowledge. The charges therefore did not state a correct principle as applicable to the only count on which the case was tried. And if they were otherwise correct, as there was no sufficient plea, they impressed on the jury an abstract issue.

■ Charges 6, 7, 8, and 9 were refused without error. This was so because, if not otherwise objectionable, they did not predicate the failure of the engineer upon a knowledge of plaintiff's danger as alleged in count A, which, as we have stated, was for subsequent negligence, and the only count that went to the jury.

■ Some of the refused charges, 2, 17, 18, 20, 21, 23, 26, B, C, F, G, H, and O, are argumentative, some are abstract, but some may state correct propositions of law or conclusions of fact when abstractly considered, but, though they may state correct principles, that fact does not make their refusal reversible error, because the jury is not in any of them instructed as to the result of such conclusions or principles upon their finding of the facts in the case. We do not consider the correctness of the doctrines asserted for that reason. Cain v. Skillin, 219 Ala. 228, 121 So. 521 (8), 64 A. L. R. 1022; Hudson v. State, 217 Ala. 479, 116 So. 800. The legal principle in some of them was otherwise stated to the jury.

■ Refused charges 25, I, J, K bear toward this case, a similar situation as that expressed in the case of Scott v. L. & N. R. R. Co., 217 Ala. 255, 115 So. 171, 173 (10).

After the elimination of the pleas of contributory negligence (by giving the affirmative charge as to the simple negligence count), the jury should have been informed that the conduct of plaintiff in respect to stopping, looking, and listening, as bearing upon the count submitted to them, was no longer an issue. This was not clearly done in the oral charge, and though given charge 14 does so in, respect to one issue, that of blowing the whistle, it does not refer to any other nature of the engineer's alleged failure of duty. Some one of such charges should have been given or the jury otherwise so instructed. Scott v. L. & N. R. R. Co., supra.

■ Refused charges A, D, E, L, M, and N were properly refused, because there was and never had been in the case an issue of pleading which embraced subsequent contributory negligence. It was therefore unnecessary and improper to bring that issue in the case by way of charges.

As the judgment must be reversed for the reasons which we have stated, we do not think it necessary to treat the sufficiency of the evidence to sustain the counts for simple negligence and wantonness, nor any other assignment of error, which we have not treated.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.