66 So.2d 202

### ATLANTIC COAST LINE R. CO. v. HORN.

### 7 Div. 258.

Court of Appeals of Alabama.

June 16, 1953.

Graham, Bibb & Wingo, Birmingham, and Dempsey & Hardegree, Ashland, for appellant.

C. W. McKay, Ashland, for appellee.

CARR, Presiding Judge.

This is an action in damages for killing plaintiff's bull by the alleged negligent operation of defendant's railway locomotive. In the court below there was a judgment in favor of the plaintiff.

■ The insistence is made that the complaint is subject to demurrer because it does not set out with sufficient certainty the place where the bull was killed.

In this aspect the allegation is: "* * at a point approximately 100 yards, more or less, east of where the dirt road crosses said railroad adjacent to the home of plaintiff in Clay County, Alabama."

This seems to be sufficient under the holding of Bugg v. Green, 215 Ala. 343, 110 So. 718.

■ Be this as it may, the undisputed evidence establishes that appellant's agents, who were operating the train, saw the bull on the railroad track and knew when and where it was killed. Tyson v. Winter, 225 Ala. 437, 143 So. 460; Bennett v. Bennett, 224 Ala. 335, 140 So. 378.

At the instance of the plaintiff the court gave this written charge:

■ "3. The Court charges the jury that if you find from the evidence that the view was obstructed by fog or smoke so as to limit the view of those operating defendant's train at the time the train approached when the bull was struck, as shown by the evidence, and you find further from the evidence, the train was being operated at a greater speed than it could be stopped within the view of person or persons who were on the lookout, then as a matter of law defendant would be negli-

222

gent and your verdict should be in favor of the plaintiff."

■ It is clear that the charge is bad. Any omission of duty or negligent conduct, to be available to the plaintiff, must be the proximate cause of the injury. Dudley v. Alabama Utilities Service Co., 225 Ala. 531, 144 So. 5; Carter v. Ne-Hi Bottling Co., 226 Ala. 324, 146 So. 821.

Appellant attempts to avoid the force and effect of the rule by insisting that we should apply the error without injury doctrine— and this because the oral charge of the court supplied the omission.

■ The authorities are committed to the holding that an error in a given written charge is not cured or rendered harmless by a correct statement of the law in the oral charge. Johnson v. Louisville & N. R. Co., 220 Ala. 649, 127 So. 216.

In the fairly recent case of Terry v. Nelms, 256 Ala. 291, 54 So.2d 282, the lower court gave two written charges which dealt with the doctrine of contributory negligence. The instructions failed to "hypothesize that the negligence of the plaintiff to bar recovery must proximately contribute to his injuries."

In response to the review Justice Simpson, writing for the court, observed that there were other given written charges which properly stated the law, but he held that an erroneous given instruction is not cured by the fact that the court in his oral charge or in other given charges properly instructed the jury as to the rule of proximate cause.

Appellee calls our attention to the case of Southern R. Co. v. Pogue, 145 Ala. 444, 40 So. 565. The court held that charge 3, given at the request of the plaintiff, asserted a correct proposition of law. We do not find that this case has been cited on this proposition in any subsequent opinions.

It is to be noted that the charge uses the expression "the horse was killed *by reason* of the engineer running the train",

etc. (Emphasis ours.) 'Likely' the court entertained the view that this was equivalent to saying the killing must have been the proximate cause, etc.

Whether or not this is sound is not presented for our decision in the case at bar.

There is no escape from the conclusion that more recent authorities have decided the question of instant concern adversely to the position of the appellee.

The judgment below is ordered reversed and the cause remanded.

Reversed and remanded.