141 So.2d 180

**MOBILE CITY LINES, INC.**

v.

**Louela HOLMAN.**

I Div. 14.

Supreme Court of Alabama.

May 10, 1962.

Johnston & Johnston, Mobile, for appellant.

M. A. Marsal, Mobile, for appellee.

SIMPSON, Justice.

Suit for damages by appellee against appellant. Judgment in favor of appellee for $28,000 on jury verdict—hence this appeal.

Appellee was a passenger on one of appellant's buses on February 6, 1960, at a bus stop on Royal Street near the intersection of Dauphin Street. When the bus started to cross Dauphin Street the plaintiff had not yet seated herself. A pedestrian stepped into the path of the bus and the driver pulled the bus to a sudden stop, causing appellee to fall and injure herself.

The assignments of error, in addition to claiming excessiveness of damages, are the giving of one charge requested by plaintiff and the refusal of several charges requested by defendant. We do not consider all these assignments of error, since the conclusion seems inescapable to us that the learned trial court committed reversible error in giving the charge requested by the plaintiff.

The charge given for the plaintiff reads:

"The Court charges the Jury that if you are reasonably satisfied from the evidence that the Defendant corporation was guilty of negligence in and about the operation of the bus on which the Plaintiff was a passenger, the plaintiff is entitled to recover."

Manifestly the charge was prejudicially erroneous in omitting that the alleged negligence must be the proximate cause of the injury. See Atlantic Coast Line R. Co. v. Horn, 37 Ala.App. 220, 66 So.2d 202; Johnson v. Louisville & Nashville R. Co., 220 Ala. 649, 127 So.2d 216; Harris v. Schmaeling, 270 Ala. 547, 120 So.2d 731; Zemczonek v. McElroy, 264 Ala. 258, 86 So.2d 824; Mobile City Lines v. Proctor, 272 Ala. 217, 130 So.2d 388. Many other cases could be cited.

But appellee argues that the charge was merely incomplete and that a subsequent explanation by the court that "This of course is predicated on if you also believe that she suffered injuries and damages as a proximate result of the negligence", cured the error. The argument is untenable. The charge was not merely incomplete, it was positively erroneous.

Code 1940, Title 7, § 273, provides:

"Charges moved for by either party must be in writing, and must be given or refused in the terms in which they are written; * * *."

From an early time this Court, in construing this language in the predecessor statute, has held:

"If the charge was illegal, not simply misleading, it should have been refused; and no explanation or qualification of it, could make it good." Schieffelin v. Schieffelin, 127 Ala. 14, 38, 28 So. 687, citing Eiland v. State, 52 Ala. 322, 323, holding to like effect.

If this principle needs any rationalizing, its obvious purpose must be to keep from the jury prejudicially erroneous instructions which they take into the jury room to consider in connection with the case, where they do not have with them any documentation of the court's "explanation" of the charge.

Feeling constrained to hold that the giving of the charge was error to reverse, we deem it unnecessary to consider the other assignments of error.

Reversed and remanded.

GOODWYN, MERRILL and COLEMAN, JJ., concur.