161 So.2d 820

**AGGREGATE LIMESTONE CO. et al.**

v.

**Reuben O. ROBISON et ux.**

**6 Div. 970.**

Supreme Court of Alabama.

March 12, 1964.

Carlos E. Heaps, Birmingham, for appellees.

F. Raymond Ingram and Kingman Shelburne, Birmingham, for appellants.

**340**

SIMPSON, Justice.

This is an appeal in a blasting case by the defendants below from a judgment entered on a jury's verdict in favor of the plaintiffs.

The evidence which is practically undisputed tends to show that appellees owned a concrete block house located some 600 to 800 feet from where blasting was being carried on in April, 1958. The actual blasting was being done in a pit some 70 to 80 feet deep. Appellees' house was built on a rock pile, or fill, which had existed for some years, having been constructed since 1932 when quarry operations formerly carried on in this area had ceased. The fill was some 40 feet high and on the top was appellees' house.

Appellees claim the blasting done in April, 1958 caused cracks, deterioration, and general ruin of their house. Appellants defended on the ground that the damage done to the house was not the proximate result of any negligence or wantonness, but was the sole result of settlement of the house because of its having been built on a fill.

Numerous assignments of error were made by appellants, among which were the overruling of demurrers to the four counts of the complaint which appellants argued at great length in briefs. One of appellants' arguments relating to appellees' requested charge numbered 1, we believe, is well taken and for that reason we pretermit any consideration of other arguments save one and that relates to the refusal of the lower court to give the affirmative charge with hypothesis as to Count Four of the complaint, which charges wantonness, and that ruling will be discussed due to the probability of another trial of this case, and

the general confusion of the bench and bar in Alabama relating to the constitutionality of an act of the legislature.

The parties should be able to so frame their pleading in the event of another trial as to eliminate the other defects pointed out in briefs on this appeal.

■■■■ The giving of the following charge requested by appellees is assigned as error:

"The Court charges the Jury that where a person, corporation, or other legal entity in using dynamite or other explosives on his own property invades the premises of a neighbor, by throwing rocks, stones, or debris thereon, is liable for the injury but for any other injury which *as* may result from concussion there is no liability unless the work is done negligently and the injury results from the negligence." (Our emphasis.)

Disregarding the interpolative "as", the charge was manifestly erroneous in that it omitted a basic concept of our law of torts, viz.: "proximate cause". This omission resulted in prejudicial error and necessitates a reversal.—Mobile City Lines, Inc. v. Holman, 273 Ala. 371, 141 So.2d 180. See also: Atlantic Coast Line R. Co. v. Horn, 37 Ala.App. 220, 66 So.2d 202; Johnson v. Louisville & Nashville R. Co., 220 Ala. 649, 127 So. 216; Harris v. Schmaeling, 270 Ala. 547, 120 So.2d 731; Zemczonek v. McElroy, 264 Ala. 258, 86 So.2d 824; Mobile City Lines, Inc. v. Proctor, 272 Ala. 217, 130 So.2d 388. The fact that the injury "results" from the negligence is not sufficient to satisfy the requirements of negligence law. The injury has to "proximately result" from the negligent act or omission. The word "proximate" adds that requirement of unbroken causation to the other requirements necessary for actionable negligence. Proximate cause involves consideration of active force, or result of active force on passive force, or of several active forces on each other. —Morgan Hill Paving Co. v. Fonville, 218

Ala. 566, 119 So. 610. "Proximate" means next in relation to cause and effect, and, together with the word "remote", is used to distinguish between actionable and non-actionable negligence.—Godfrey v. Vinson, 215 Ala. 166, 110 So. 13. "Proximate cause" is not necessarily the act nearest injury, but is an act which actively aided in producing injury as a direct and existing cause.—King, Inc. v. Thomas, 37 Ala. App. 244, 66 So.2d 602. It is, therefore, readily seen that the charge given by the lower court omitting any consideration of proximate cause was prejudicial error, and lightened considerably the appellees' burden of proof. And while the court in the oral charge to the jury properly instructed the jury that a recovery could be had only where the alleged injury and damages were the proximate consequence of the negligence, the error was not obviated whatsoever. As stated in Mobile City Lines, Inc. v. Holman, supra:

"If this principle needs any rationalizing, its obvious purpose must be to keep from the jury prejudicially erroneous instructions which they take into the jury room to consider in connection with the case, where they do not have with them any documentation of the court's 'explanation' of the charge."

We now move to a consideration of appellants' 28th assignment of error, to the effect that the refusal of the lower court to give the affirmative charge with hypothesis as to Count Four of the complaint was error to reverse. Nowhere in Count Four is it alleged that any party or individual other than the two corporate defendants committed the alleged wanton blasting. The averments all charge that the "defendants" did the acts complained of by plaintiffs. Appellants state in brief that their attention is at once "fixed" on the provisions of § 217(1), Tit. 7, Code of Ala.1940, as amended (§ 1 of Act 624, General Acts of 1957) by a reading of Count Four. It would seem from certain side bar comments, that the bench and bar of our state have been in a state of confusion regarding the construction, application and constitutionality of this act, and due to the probability of another trial, we think it expedient to comment on the act.

Section 217(1), Tit. 7, Code of Ala.1940, as amended, provides as follows:

"*Proof that act was committed by agent, etc., sustains allegation that act was committed by party.*—In any civil action it shall be permissible to allege in any pleading that any party or parties committed an act, and proof that any such party or parties committed such act by or through an agent, servant or employee acting within the line and scope of his employment shall be sufficient proof of such allegation, subject, however, to the right of the party or parties against whom such testimony is offered to thereupon plead the statute of limitations which might have been applicable to the case made by the evidence offered."

Appellants make the same arguments here with respect to § 217(1) that were advanced in Louisville & Nashville R. Co. v. Johns, 267 Ala. 261, 101 So.2d 265, 74 A.L.R.2d 499, and accepted by the Court in declaring unconstitutional Act No. 670, Gen.Acts of 1947 (§ 138 [1], Tit. 7 of the Code, as amended).

Said Act 670 was also considered in Sibley v. Odum, 257 Ala. 292, 58 So.2d 896, wherein on the first rehearing this Court considered the constitutionality of Act 670 and declared it unconstitutional for the reasons stated in the rehearing opinion. However, on further rehearing, this opinion was withdrawn and the act "was laid entirely out of view" since it was there determined that a consideration of the constitutionality, vel non, of the act was unnecessary to a decision since the act was not brought in to trial and not relied upon or mentioned on appeal by either party. However, the onset of the action in the Johns case occurred June 12, 1950 (see

342

Louisville & Nashville R. Co. v. Johns, 258 Ala. 440, 63 So.2d 574)

The author of the instant opinion was also the author of the opinions in the Sibley v. Odum case, including the opinion which demonstrated that Act 670 was unconstitutional and which opinion was relied upon in the Johns case (267 Ala. 261, 101 So.2d 265) declaring the act unconstitutional. The Court is well advised with respect to said act and that § 217(1), Tit. 7, Code 1940, as amended (Act No. 624, Gen.Acts 1957, p. 895) was an effort on the part of the legislature to remedy the obliquities immanent in Act No. 670 pointed out in Sibley v. Odum. We think that the later act did just that. The objections to Act 670, we think, were entirely eliminated by the new wording and substance of said § 217(1). This is particularly demonstrated by the last proviso of § 217(1) which we repeat here for emphasis:

> "* * * subject, however, to the right of the party or parties against whom such testimony is offered to thereupon plead the statute of limitations which might have been applicable to the case made by the evidence offered."

The first act (No. 670) made no reference to the statute of limitations which we believe was the main objection to it, and that which rendered it "impossible of execution" and therefore "inoperative and without effect".

■■ The Court is also well advised that distinguished lawyers have strenuously inveighed against the constitutionality of § 217(1) but we are constrained to the view that such criticisms are without merit. But we also hold to the view that we should not indulge in too much elaboration to answer these various arguments. Suffice it to say, after careful study, that in our opinion the act is constitutional and such cases as Ex parte Foshee, 246 Ala. 604, 21 So.2d 827, holding that the legislature cannot validly pass a law which will impede the functioning of the Court are inapposite.

Certainly it cannot be gainsaid that the legislature has the power to prescribe rules of pleading and practice and evidence.— Johns case, supra (267 Ala. 261, 101 So.2d 265). And in our view the passage of § 217(1) is well subsumed under that power.

■■ In the case at bar, even though Count Four charged corporate participation in the alleged wanton act or omission, etc., by the two defendants and even though there was no such evidence, such proof was not necessary to sustain the count in view of said § 217(1), providing: "* * * proof that any such party or parties committed such act by or through an agent, servant or employee acting within the line and scope of his employment shall be sufficient proof of such allegation * * *." The plain meaning of this is that where proof that an agent committed an intentional, wanton, or negligent act while in the line and scope of his employment, liability for such act would be imputed to the principal, regardless of the actual participation of the principal in the intentional, wanton or negligent act or omission under the doctrine of respondeat superior. This act, of course, sets up a new statutory form of action.

■ It may be well to advert to § 176(1) et seq., Tit. 7, Code of Ala., as amended (§§ 1 to 6, inclusive, Act No. 544, Gen. Acts 1957). Section 176(4) provides:

> "*Against whom recovery may be had.* —In all such actions recovery may be had against the agent, servant or employee although no recovery is had against the principal or master, but there shall be no recovery against the principal or master unless there is a recovery against the agent, servant or employee."

The reason behind the statute seems manifest since there could be no imputation of negligence or intentional or wanton acts, or omissions without such acts being perpetrated by the actor—the agent, servant, or employee of the master acting within the line and scope of employment.—

See Atlantic Coast Line Railroad v. Kines, ante p. 253, 160 So.2d 869, for a discussion of this statute.

We think the excrescences with reference to the common law action discussed in City Delivery Co. v. Henry, 139 Ala. 161, 34 So. 389, and later cases, should have been long ago removed and that they have been by said § 217(1).

It is, therefore, our view that the Court did not commit reversible error in refusing to give the affirmative charge with hypothesis as to Count Four.

For the error first hereinabove noted, however, the judgment is reversed.

Reversed and remanded.

All the Justices concur.