172 So.2d 782

**Jackie W. YARBROUGH**

v.

**James O. HOVIS.**

**8 Div. 167.**

Supreme Court of Alabama.

March 11, 1965.

J. D. Carroll, Jr., Huntsville, for appellee.

SIMPSON, Justice.

This case was argued and submitted to this Court on January 19, 1965.

This is a suit for personal injuries commenced in the Circuit Court of Madison County. The complaint contained two counts. Count One charges simple negligence and Count Two charges wanton misconduct. The defendant's demurrer to the complaint was overruled. He thereafter pleaded in short by consent, etc. The trial

Lanier, Price, Shaver & Lanier and Harold F. Herring, Huntsville, for appellant.

resulted in a verdict of $7,000 for the plaintiff on Count One, Count Two having been charged out. This appeal followed.

At approximately 6:30 A.M. on a cold November morning in 1961, the appellee stopped his car on a public road outside the City of Huntsville, for the purpose of cleaning ice or frost from the windshield. Appellant approached from the rear traveling in the same direction and collided with the stopped car, and struck the appellee who ran into the left lane of the road when he became aware of the impending incident. There is some disagreement about how far appellee got in his dash across the road before being struck, suffering serious injury. Just before the accident, however, the evidence is that appellee was standing with his left foot on the pavement and his right foot on the brakes of his car, the engine of which was still running. The distance, if any, by which the car was off or on the road is the subject of conflicting testimony, as is the speed at which appellant was traveling, as well as the distance from which the stopped car could be seen by an approaching vehicle. It is not disputed, however, that it was stopped on the incline of a hill, which made it necessary to apply the brakes to keep it from rolling forward.

The appellant urges error by the trial court in numerous particulars. We believe several of the assignments are well taken but not all of them need be considered here. The giving of the following charge requested by appellee is assigned as error:

"8. The Court charges the jury that even if you find from the evidence in this case that plaintiff was guilty of contributory negligence, yet if you further find from the evidence that the defendant became aware of the peril of plaintiff in time to avoid inflicting the injury by the proper use of preventive means at his command, but negligently failed to resort to such means, the plaintiff is entitled to recover."

■ This charge is erroneous, requiring reversal. This Court has repeatedly held that charges which omit to specify that the alleged negligence (or subsequent negligence as urged here) must be the proximate cause of the injury, are prejudicially erroneous. Mobile City Lines, Inc. v. Holman, 273 Ala. 371, 141 So.2d 180, citing Atlantic Coast Line R. Co. v. Horn, 37 Ala.App. 220, 66 So.2d 202; Johnson v. Louisville & Nashville R. Co., 220 Ala. 649, 127 So. 216; Harris v. Schmaeling, 270 Ala. 547, 120 So.2d 731; Zemczonek v. McElroy, 264 Ala. 258, 86 So.2d 824; Mobile City Lines v. Proctor, 272 Ala. 217, 130 So.2d 388. See also Aggregate Limestone Co. v. Robison, 276 Ala. 338, 161 So.2d 820 (1964).

■ In Chastain v. Brown, 263 Ala. 440, 82 So.2d 904, this issue was considered. This Court held that the giving of a very similar charge required reversal, with the following comment:

"Stated as it is, Charge 39 is misleading. It is incomplete. Upon reading Charge 39, a jury could very reasonably conclude that a finding of subsequent negligence, after findings of primary negligence and contributory negligence, should bring their consideration of the evidence to an end. Manifestly, the separate and essential element of proximate causation has been ignored in Charge 39 in so far as subsequent negligence is concerned. A finding of subsequent negligence alone, that is, without a finding that such subsequent negligence proximately contributed to cause the injuries and damages alleged, matters not in the least. To be of any significance, subsequent negligence must proximately contribute to cause the injuries and damages complained of. In short, the whole question of last clear chance or subsequent negligence concerns causation. Birmingham Electric Co. v. Carver, supra [255 Ala. 471, 52 So.2d 200]."

■ We are unimpressed by appellee's argument that the giving of the quoted charge does not require reversal since it merely states an abstract proposition of law without applying it to the facts. This charge, as the one considered in Mobile City Lines v. Holman, supra, is not merely

incomplete and abstract. It is positively erroneous.

 Charge 6 given by the trial court at the request of appellee, the giving of which is assigned as error, is defective for the same reasons. This charge reads:

"6. I charge you, gentlemen of the Jury, if the plaintiff's peril was discovered in time to avoid the injury by the exercise of due care on the part of the defendant, and the injury was the result of defendant's failure to perform his duty in this respect, plaintiff would be entitled to recover, although he may have been guilty of culpable negligence in the first instance."

Other errors assigned which we believe have merit, hopefully will not occur on a new trial. In this connection and by way of dicta, without extensive study of the question, we note that we are unimpressed with the applicability of Title 36, § 25(c). It does not strike us that a car stopped for the purpose of scraping ice or frost from the windshield is "disabled" within the meaning of this clause.

Reversed and remanded.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.