**SANTANA MARINE SERVICE, INC.,**
**and R. & S. Marine Service, Inc.,**
*Appellants,*

v.

**Charles E. McHALE et al.,** *Appellees.*

No. 21689.

United States Court of Appeals
Fifth Circuit.

May 17, 1965.

148

Charles T. Kessler, Welsh, Cornell, Psyzka & Carlton, Miami, Fla., for appellants.

Frank J. Marston, Fowler, White, Gillen, Humkey & Trenam, Miami, Fla., for appellees.

Before TUTTLE, Chief Judge, and PHILLIPS* and WISDOM, Circuit Judges.

PER CURIAM:

Charles E. McHale and Eileen E. McHale filed a libel against R. & S. Marine Service, Inc., to recover damages to a boat while the same was in possession of Marine Service as bailee.

The boat was a fiberglass boat, 21 feet long and 7½ feet wide and was powered by two outboard motors. The McHales entered into a verbal contract with Marine Service to lift the boat from the water for the purpose of cleaning the bottom of the boat. The boat was lifted by Marine Service by means of a boom and cables attached to lifting rings on the boat. Marine Service did not use a spreader between the cables, so that the pull on the rings was both inward and upward. The rings broke and the boat was damaged from the resulting fall.

At the trial, Charles McHale testified as a lay expert and gave as his opinion that the effect of the inward pull on the rings, due to the absence of a spreader, caused a much greater stress on the rings than would have occurred had the lift been vertical and that such extra stress caused the rings to break.

The trial court found Marine Service failed to use adequate and sufficient equipment to safely lift the boat; concluded it breached its contract of bailment in that it failed to use reasonable care in furnishing and using the equipment employed to lift the boat; and awarded libelants judgment for the damages to the boat.

The principal ground urged for reversal is that the requisite qualifications for McHale to testify as an expert were not established. McHale testified that he had six years of practical experience in designing, making and installing lift devices and that he had done considerable home study of recognized scientific treatises in the field here involved. A person may become qualified as an expert by practical experience and home study. Professional education is not a prerequisite.

* Senior Judge of the Tenth Circuit, sitting by designation.

The decision as to the qualifications of an expert is a matter primarily for the trial court and will not be disturbed, unless clearly erroneous as a matter of law. Davidson v. Commissioner of Internal Revenue, 5 Cir., 91 F.2d 516, 518; Reuter v. Eastern Air Lines, 5 Cir., 226 F.2d 443. We find no basis for concluding that the trial court's ruling was clearly erroneous.

We have examined the other matters assigned as error and find them without merit.

Affirmed.