**SOUTHERN CEMENT COMPANY, DIVISION OF MARTIN-MARIETTA CORPORATION, Appellant,**

v.

**Zemma Lowery SPROUL and Matthew Sproul, Jr., et al., Appellees.**

**No. 23620.**

United States Court of Appeals
Fifth Circuit.

May 8, 1967.

Rehearing Denied June 20, 1967.

Thomas R. Elliott, Jr., James E. Clark, Birmingham, Ala., for appellant, London, Yancey, Clark & Allen, Birmingham, Ala., of counsel.

Richard L. Jones, Birmingham, Ala., Frank C. Ellis, Jr., Columbiana, Ala., for appellees, Jones, Propst & Topazi, Birmingham, Ala., of counsel.

Before WISDOM and GODBOLD, Circuit Judges, and McRAE, District Judge.

GODBOLD, Circuit Judge:

This is an appeal from verdicts for plaintiffs for damages arising from loss of water in their wells as a consequence of limestone mining operations by the defendants in Alabama. We affirm.

Appellant claims the court erred in allowing the witness Wood to testify as an expert. Wood had practical experience in mining for many years, including experience as a mine superintendent and in blasting; he had not, however, mined limestone or worked in a mine of the same size as that involved here. As a general rule, "[A] person may become qualified as an expert by practical experience. * * *. Professional education is not a prerequisite." Santana Marine Service, Inc. v. McHale, 346 F.2d 147, 148 (5th Cir., 1965). The trial court has broad discretion in the admission or exclusion of expert evidence, including the qualification of an offered expert,

**50**

and its decision must be sustained on appeal unless "manifestly erroneous." Salem v. United States Lines, 370 U.S. 31, 82 S.Ct. 1119, 8 L.Ed.2d 313 (1962); Santana Marine Service, Inc. v. McHale, supra; Eastern Airlines, Inc. v. American Cyanamid Co., 321 F.2d 683 (5th Cir., 1963). Appellant does not dispute these general rules but claims the District Court applied erroneous legal standards of the nature and extent of prior experience required to qualify the witness to testify, citing Roth v. Bird, 239 F.2d 257 (5th Cir. 1963). In *Roth* the lower court refused to allow an experienced ship's master to testify to proper method of loading a vessel without a showing that he had loaded the vessel or one almost exactly like it. This Court reversed, holding the objections went to weight rather than admissibility and that the standard applied by the trial court was too strict and unrealistic. Thus *Roth* makes abundantly clear there was no error in the present case. See also *Eastern Airlines, Inc.*, supra, where a pilot experienced in flying military aircraft was held properly qualified to testify as an expert in relation to commercial flight procedures; his lack of experience in flying commercial aircraft "went to the weight of his testimony, and not * * * to its admissibility." 321 F.2d at 691–692.

Wood's testimony of the blasting methods employed by defendant and of their effect on the earth, and of the effect of available alternative methods employed by a majority of companies, plus evidence of the known structure of the limestone strata and of the previous experience of the defendant with influx of water into the mine, sufficiently presented a jury question. There was no error in refusing defendant's motion for a directed verdict and judgment n. o. v.

The charge, while somewhat terse in this regard, adequately stated the meaning of proximate cause under Alabama law. Aggregate Limestone Co. v. Robinson, 276 Ala. 338, 161 So.2d 820, 822 (1964); Birmingham Southern R. Co. v. Harrison, 203 Ala. 284, 82 So. 534,

541 (1919); Karpeles v. City Ice Delivery Co., 198 Ala. 449, 73 So. 642 (1917).

Affirmed.

### ORDER DENYING PETITION FOR REHEARING

PER CURIAM:

Appellant has filed an application for rehearing, as is its prerogative, setting out a quotation attributed to Charles Evans Hughes, written in the interim between his two terms of service on the Supreme Court: "Petitions for rehearing are an improvement on the tavern as counsel may enjoy the luxury of telling the court to its face what is thought of its opinion."

It is our prerogative, and duty, to study and consider the application and adjudge whether it has merit or whether it is a mere enjoyment of the luxury described by Justice Hughes. We have done so. The application is overruled.