201 So.2d 101

James O. HOVIS

v.

Jackie W. YARBROUGH.

8 Div. 244.

Supreme Court of Alabama.

June 22, 1967.

J. D. Carroll, Jr., Huntsville, for appellant.

Lanier, Price, Shaver & Lanier, Huntsville, for appellee.

SIMPSON, Justice.

This is the second appeal in this case. For the facts involved see Yarbrough v. Hovis, 277 Ala. 516, 172 So.2d 782.

On remand of the case it was tried to a jury which returned a verdict in favor of the defendant. The plaintiff in the case brings this appeal.

We have studied the record and the assignments of· error made by appellant and have concluded that the case was well tried

and no assignment of error sets forth a basis for reversal.

The appellant has argued assignments of error numbered 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12 and 14 in bulk. In brief the appellant has set out the foregoing assignments of error, which all deal with written charges given at the request of the defendant. Appellant contends that the court erred in giving each of these charges "in that they deal with the same proposition of the omitting of words 'proximate cause'". We have repeatedly held that where appellant argues assignments dealing with giving or refusal of written charges in bulk, no reversal will be granted where the court properly acted with respect to any one of the charges. Such is the case here. We have carefully studied the charges given by the court and which appellant contends require reversal. Suffice it to say without reciting each charge that many of them contain accurate statements of the law and are not defective for failing to include the aspect of contributory negligence and proximate cause. One or two will illustrate that the defect complained of by appellant is not involved:

> Charge No. 25: "I charge you, gentlemen of the jury, that if you are reasonably satisfied from the evidence in this cause that the plaintiff Hovis, on the occasion complained of, did not exercise due and reasonable care by parking or leaving standing his car upon the highway or by his movement on the highway, or both, and that this failure to exercise such due and reasonable care proximately contributed to his own injuries and damages then you cannot find for the plaintiff upon the issue of simple negligence."

This is a fair and accurate statement of the law and is not defective for the reasons argued by appellant. Several other charges are also good. It follows, therefore, that there can be no reversal where appellant argues all charges in bulk even though a single charge given might be defective. City of Montgomery v. Moon, 208 Ala. 472, 94 So. 337; McGhee v. Walker, 268 Ala. 521, 108 So.2d 433. We have also noted that not all of the charges grouped together and argued in bulk under the foregoing assignments deal with proximate cause in any particular. These charges were concerned with other aspects of the case. The appellant's argument is inapposite as to these.

Appellant seems to base his argument with respect to those charges which are actually concerned with "proximate causation" that the court erred in giving them because the use of the word "contributed" rather than "caused". There is no merit in this argument. Cooper v. Agee, 222 Ala. 334, 132 So. 173.

The remaining assignments of error (there are a total of 28) deal again with the court's giving written charges requested by appellee. Suffice it to say that there is no indication that appellant asked for explanatory charges even if the given charges were abstract as he contends. We cannot reverse for this alleged error.

Further, and finally, the appellant complains that the court erred in refusing certain of appellant's requested charges. We have carefully reviewed the matter complained of by appellant here. Without unduly prolonging this opinion, we simply point out the trial court charged the jury orally covering every aspect of the case. We think the case was fairly tried. The appellant cannot now complain that error was committed in refusing charges covering matter dealt with by the court in its oral charge. Aubrey v. Helton, 276 Ala. 134, 159 So.2d 837; 18A Ala.Dig. Trial ☞260 (1).

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.