Billy ABSTON and Myrtle Abston, Plaintiffs,

v.

KELLEY BROTHERS CONTRACTORS, INC., Defendant.

No. CIV. A. 97–0606–BH–C.

United States District Court, S.D. Alabama, Southern Division.

Jan. 16, 1998.

John T. Crowder, Jr., Mobile, AL, William L. Utsey, Butler, AL, Reggie Copeland, Jr.,

---

Cunningham, Bounds, Yance, Crowder and Brown, Mobile, AL, for Billy Abston and Myrtle Abston.

J. Burrus Riis, Hand Arendall, L.L.C., Orrin K. Ames, III, Mobile, Al, for Kelley Bros. Contractors, Inc.

## ORDER

HAND, Senior District Judge.

This action came on for jury selection on January 5, 1998, and then for trial before such jury on January 13, 14 and 15, 1998. At the close of the plaintiffs' case and again at the conclusion of all the evidence, the defendant moved for judgment as a matter of law. Upon consideration of defendant's motions, the arguments of counsel in support of and opposition to the motions and the record as a whole, the Court concluded that defendants' motions were due to be granted in part and denied in part.

In this action the plaintiffs seek the imposition of punitive damages against the defendant, Kelley Brothers Contractors, Inc. (Kelley Brothers), on the theory of respondeat superior. Specifically, plaintiffs seek to hold Kelley Brothers vicariously liable for punitive damages for the alleged wanton conduct of its driver, James Floyd Wood, at the time of the accident at issue.[1] Plaintiffs seek the imposition of such punitive damages even in the absence of evidence that Kelley Brothers either negligently employed Mr. Wood, authorized or ratified his conduct or received some benefit from the conduct.

It is true that Ala.Code § 6–5–300 has, as early as 1964, been interpreted by the Alabama Supreme Court to mean:

> where proof that an agent committed an intentional, wanton or negligent act while in the line and scope of his employment, liability for such act would be imputed to the principal, regardless of actual participation of the principal in the intentional, wanton or negligent act or omission under the doctrine of respondeat superior.

*Aggregate Limestone Co. v. Robison,* 276 Ala. 338, 342, 161 So.2d 820, 824 (1964). *See also, Foster v. Floyd,* 276 Ala. 428, 430, 163 So.2d 213, 215 (1964) ("While it was once generally held that an agent exceeded his authority in committing a wanton act, it is now generally held that wantonness does not in and of itself remove a particular act from the agent's scope of authority.").

The Alabama Legislature, however, has now expressly limited a principal's liability for punitive damages, whether such liability would otherwise exist under general agency principles or the theory of respondeat superior. It did so in statutes enacted in 1987 and codified as § 6–11–20 and § 6–11–27.

Section 6–11–20[2] generally limits the imposition of punitive damages to cases involving "conscious" and "deliberate" acts by a

---

1. Plaintiffs assert that the driver of defendant's semi-truck failed to take any timely measures to effectively stop before hitting plaintiff Billy Abston or to warn Mr. Abston of the impending collision.

2. Section 6–11–20 of the Alabama Code provides:

(a) Punitive damages may not be awarded in any civil action, except civil actions for wrongful death pursuant to Sections 6–5–391 and 6–5–410, other than in a tort action where it is proven by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff. Nothing contained in this article is to be construed as creating any claim for punitive damages which is not now present under the law of the State of Alabama.

(b) As used in this article, the following definitions shall apply:

(1) Fraud. An intentional misrepresentation, deceit, or concealment of a material fact the concealing party had a duty to disclose, which was gross, oppressive, or malicious and committed with the intention on the part of the defendant of thereby depriving a person or entity of property or legal rights or otherwise causing injury.

(2) Malice. The intentional doing of a wrongful act without just cause or excuse, either:
   a. With an intent to injure the person or property of another person or entity, or
   b. Under such circumstances that the law will imply an evil intent.

(3) Wantonness. Conduct which is carried on with a reckless or conscious disregard of the rights or safety of others.

(4) Clear and convincing evidence. Evidence that, when weighed against evidence in opposi-

defendant including acts of wantonness which is defined as "conduct which is carried on with a reckless or conscious disregard of the rights or safety of others." *See also, Big B, Inc. v. Cottingham,* 634 So.2d 999, 1004 (Ala. 1993) (" 'Wantonness is not merely a higher degree of culpability than negligence. Negligence and wantonness, plainly and simply, are qualitatively different tort concepts of actionable culpability. Implicit in wanton, willful, or reckless misconduct is an acting, with knowledge of danger, or with consciousness, that the doing or not doing of some act will likely result in injury....' " [Citations omitted]); *Coca–Cola Bottling Co. United v. Stripling,* 622 So.2d 882, 884 (Ala.1993) ("Negligence is usually characterized as an inattention, thoughtlessness, or heedlessness, a lack of due care; whereas wantonness is characterized as an act which cannot exist without a purpose or design, a conscious or intentional act.").

Section 6–11–27[3] then expressly limits the imposition of **vicarious liability** for the punitive damages authorized under § 6–11–20 to situations in which the principal has either negligently employed or continued to employ the agent guilty of the alleged misconducts; participates in, authorizes or ratifies such misconduct; or received some benefit from the misconduct. *See e.g., Northwestern Mutual Life Ins. Co. v. Sheridan,* 630 So.2d 384 (Ala.1993) ("It must be observed that § 6–11–27 modifies the common-law rule of vicarious liability by requiring proof of a higher degree of culpability on the part of the principal.").

While these relatively new statutes limit the imposition of punitive damages either generally or in the context of vicarious liability, they do not limit the imposition of compensatory damages against an employer under the theory of respondeat superior as authorized by Ala.Code § 6–5–300. Thus § 6–11–27 is not at odds with § 6–5–300; it merely restricts its application with respect to punitive damages.

Plaintiffs' invitation to interpret § 6–5–300 as permitting the imposition of punitive damages in this action against a principal such as Kelley Brothers in the absence of the restrictions imposed by § 6–11–27 would result in this Court's declaration that § 6–11–27 was a meaningless or unauthorized effort by the Alabama Legislature and somehow void. This the court cannot and will not do. Inasmuch as the plaintiffs proffered no evidence that Kelley Brothers was guilty of participating in, authorizing or ratifying the alleged wanton misconduct of its driver; had negligently hired or retained his services before the accident or benefitted from his alleged misconduct, it would be impermissible to present the issue to the jury. It is therefore **ORDERED** that defendant's motion for judgment as a matter of law be and is hereby **GRANTED** only as the plaintiffs' claim for punitive damages and is in all other respects **DENIED** as specious.

Upon hearing all the evidence, the closing arguments of counsel and the Court's charge on the applicable law, the jury commenced its

---

tion, will produce in the mind of the trier of fact a firm conviction as to each essential element of the claim and a high probability as to the correctness of the conclusion. Proof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence or the substantial weight of the evidence, but less than beyond a reasonable doubt.

(5) Oppression. Subjecting a person to cruel and unjust hardship in conscious disregard of that person's rights.
Ala.Code § 6–11–20 (1975).

**3.** Section 6–11–27 of the Alabama Code provides, in pertinent part:

(a) A principal, employer, or other master shall not be liable for punitive damages for inten-

tional wrongful conduct or conduct involving malice based upon acts or omissions of an agent, employee, or servant of said principal, employer, or master unless the principal, employer, or master either: (i) knew or should have known of the unfitness of the agent, employee, or servant, and employed him or continued to employ him, or used his services without proper instruction with a disregard of the rights or safety of others; or (ii) authorized the wrongful conduct; or (iii) ratified the wrongful conduct; or unless the acts of the agent, servant or employee were calculated to or did benefit the principal, employer or other master, except where the plaintiff knowingly participated with the agent, servant, or employee to commit fraud or wrongful conduct with full knowledge of the import of his act.
Ala.Code § 6–11–27 (1975).

deliberations on January 15, 1998. The jury subsequently returned a verdict in favor of the plaintiffs, Billy Abston and Myrtle Abston, and against the defendant, Kelly Brothers Contractors, Inc., in the amounts of $500,000.00 and $50,000.00, respectively, said judgment to bear interest from this date at the legal rate of 5.341%. Costs are taxed against the defendant.

## JUDGMENT

Pursuant to the jury's verdict announced this day, it is **ORDERED, ADJUDGED** and **DECREED** that **JUDGMENT** be and is hereby entered in favor of the plaintiffs, Billy Abston and Myrtle Abston, and against the defendant, Kelly Brothers Contractors, Inc., in the amounts of $500,000.00 and $50,000.00, respectively, said judgment to bear interest from this date at the legal rate of 5.341%. Costs are taxed against the defendant.